**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D Stadtler Trust 2015 Trust, et al., | No. CV-22-00314-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Pamela Gorrie, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion to remand. (Doc. 11.) For the following reasons, the motion is denied.

## BACKGROUND

On February 11, 2022, Plaintiffs filed a complaint in La Paz County Superior Court. (Doc. 1-2 at 10-27.) The two named Plaintiffs are: (1) the D. Stadler Trust 2015; and (2) Daniel Stadler. (*Id.* at 10-11.) The four named Defendants are: (1) Pamela Gorrie ("Gorrie"); (2) Innovative Global Distributions, LLC ("IGD"); (3) Natural Footprints Organic Farm LP ("NFOF"); and (4) NFF Management LLC ("NFF"). (*Id.* at 11.)

On February 27, 2022, Gorrie filed a notice of removal. (Doc. 1.) The notice states that, as of the time of removal, none of the Defendants had been served. (*Id.* ¶ 1.) The notice further states that removal is permissible because the Court would have original jurisdiction over this action under 28 U.S.C. § 1332, the diversity-jurisdiction statute. (*Id.* ¶ 4.) In support of the allegation of diversity jurisdiction, the notice alleges that both Plaintiffs are citizens of California, Gorrie "is a citizen of Canada and not a permanent

resident of the United States," and the remaining three Defendants are all Arizona entities. (*Id.*)

On March 21, 2022, Plaintiffs filed the pending motion to remand. (Doc. 11.)

On April 4, 2022, Gorrie filed a response. (Doc. 15.)

On April 11, 2022, Plaintiffs filed a reply. (Doc. 16,)

On April 13, 2022, Plaintiffs filed a supplement in which they withdrew one of their arguments in support of remand. (Doc. 18.)

**DISCUSSION**

I. Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." When, as here, removal is sought based solely on diversity of citizenship, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2).

The procedure for removing a civil action from state court is set forth at 28 U.S.C. § 1446, which provides that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a). The notice "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant." *Id.* § 1446(b)(1).

The procedure for seeking the remand of an action to state court is set forth at 28 U.S.C. § 1447. As relevant here, it provides that "[a] motion to remand the case on the

basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

II. The Parties' Arguments

Plaintiffs argue that Gorrie's effort to remove this action from state court was flawed for two reasons. (Doc. 11.) First, Plaintiffs argue the removal effort is barred by the so-called "forum defendant rule" set forth at 28 U.S.C. § 1441(b)(2) because all four Defendants are citizens of Arizona. (*Id.* at 5-12.) As for Gorrie, Plaintiffs do not appear to dispute Gorrie's assertion in the removal notice that she is a Canadian citizen—rather, Plaintiffs argue that "[w]hether Ms. Gorrie is a Canadian citizen is not determinative" because Gorrie has also established domicile in Arizona by residing in Arizona since 2020, not visiting Canada since 2020, entering into various property transactions in Arizona since 2016, possessing an Arizona-based phone number, making statements to others that she has no intention of returning to Canada and wishes to settle in Arizona, potentially obtaining a Social Security number, forming various Arizona entities, and obtaining licenses from Arizona agencies. (*Id.*) According to Plaintiffs, "[t]he sum of the above factors shows that Ms. Gorrie's 'fixed habitation or abode' is in Arizona and that she 'intends to remain there permanently or indefinitely.'" (*Id.* at 12.) Plaintiffs further contend that "[f]or the purposes of diversity jurisdiction, Ms. Gorrie is domiciled in Arizona" and "Ms. Gorrie is therefore a home-state Defendant and, pursuant to 28 U.S.C.A. § 1441(b)(2), removal to this Court is improper." (*Id.*) As for the two entity Defendants that are organized as LLCs (IGD and NFF), Plaintiffs argue that each entity qualifies as an Arizona citizen because Gorrie is each entity's sole member and LLCs take on the citizenship of their members. (*Id.* at 8 & n.1.)[1] As for the final entity Defendant that is organized as a limited partnership (NFOF), Plaintiffs argue that it qualifies as an Arizona

---

[1] Although Plaintiffs initially argued that IGD also had another member who is an Arizona citizen (Doc. 11 at 5-7), Plaintiffs have since withdrawn their arguments as to the other member (Doc. 18).

- 3 -

citizen because its sole partner (NFF) is an Arizona citizen and limited partnerships take on the citizenship of their partners. (*Id.* at 8.) Second, and alternatively, Plaintiffs argue that Gorrie's removal effort was premature because Gorrie filed the removal notice before being served and there is a "growing trend" to disallow pre-service removal efforts. (*Id.* at 12-13.)

Gorrie opposes the motion to remand. (Doc. 15.) According to Gorrie, all of Plaintiffs' objections "overlook[] crucial facts underpinning the statutory basis for Gorrie's removal of the instant action; namely Gorrie's Canadian citizenship and the fact that she is the sole member of the unincorporated defendant entities and sole limited partner of the limited partnership." (*Id.* at 1.) Gorrie argues that this "oversight means that [Plaintiffs'] discussion of the forum defendant rule, snap removal and domiciliary analysis do not bear upon Gorrie's citizenship for diversity purposes." (*Id.* at 1-2.) Gorrie contends that, under *Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996), the fact that she is a Canadian citizen necessarily means she cannot also be a citizen of the United States "or any American state" irrespective of her desire to remain in that state, and thus she cannot be a forum defendant for purposes of § 1441(b)(2). (*Id.* at 3-4.) Gorrie also submits a declaration avowing that she is a citizen of Canada, is not a lawful permanent resident ("LPR") of the United States, does not have a Social Security number, and is currently in the United States under an E-2 visa that expires in May 2023. (Doc. 15-1 ¶¶ 3-7.)

In reply, Plaintiffs characterize Gorrie's position as "that a non-citizen can never be sued in state court" and argue that the cases cited by Gorrie do not support her position because they involved distinguishable facts. (Doc. 16 at 2, 6-10.) Plaintiffs also contend that Gorrie has "fail[ed] to carry her burden of proving she is a non-citizen" because "[t]he only proof that Gorrie offers of her non-citizenship is her own say-so" and "she fails to attach a single document to her declaration to carry her burden of proving that she is a non-citizen." (*Id.* at 10-11.) Finally, Plaintiffs argue that, because Gorrie failed to respond to their alternative argument about the premature timing of the removal notice, she has conceded that a remand is warranted on that ground. (*Id.* at 2, 5.)

III.   Analysis

The Court agrees with Gorrie that the removal effort in this case was permissible.

As an initial matter, the Court is satisfied with Gorrie's showing that she is a citizen of Canada. In the removal notice, Gorrie asserted that she is a Canadian citizen. (Doc. 1 ¶ 4c.) In the motion to remand, Plaintiffs did not appear to dispute this assertion—to the contrary, they argued that "[w]hether Ms. Gorrie is a Canadian citizen is not determinative" because she has also expressed an intent to remain in Arizona indefinitely. (Doc. 11 at 7, 9-12.) Nevertheless, in response to the motion to dismiss, Gorrie submitted competent evidence—in the form of her own declaration—that she is a Canadian citizen. (Doc. 15-1 ¶ 3.) Given this backdrop, Plaintiffs' complaint that Gorrie did not submit documentary evidence in support of her claim of Canadian citizenship is unavailing—the Court is unaware of any rule holding that a witness's sworn testimony on an issue within the witness's personal knowledge, where the issue doesn't even appear to be disputed by the opposing party, is insufficient unless also corroborated with documentary evidence.

The parties' apparent factual dispute over whether Gorrie has a Social Security number does not change this analysis. Plaintiffs acknowledge that a Canadian citizen may, under certain circumstances, obtain a Social Security number. (Doc. 11 at 11 ["This Court can take judicial notice that a noncitizen only requires and is entitled to a Social Security Number if he or she is authorized to work in the United States by the Department of Homeland Security."].)

Finally, the Court is also satisfied with Gorrie's showing that she is not an LPR of the United States and is instead in the country on an E-2 visa that is set to expire in May 2023. (Doc. 15-1 ¶¶ 5-7.) Although Plaintiffs assert in their reply that Gorrie is "seeking" LPR status and is "highly likely" to obtain that status in the future (Doc. 16 at 5 n.1, 10), the bottom line is that Gorrie does not possess LPR status right now (and was not an LPR at the time of the removal effort).

With these clarifications in mind, Gorrie's citizenship for purposes of the

jurisdictional analysis in this case is that of a foreign state (Canada), not Arizona.[2] The overwhelming weight of authority is that a citizen of a foreign state may also be considered a citizen of a State of the United States for jurisdictional purposes only if she has been granted LPR status. *See, e.g., S Rock Partners, LLC v. Kiselev*, 2018 WL 888725, *4 (D. Conn. 2018) ("[A]n alien who has been accorded lawful permanent residence from the United States . . . is considered a citizen of the state in which he is domiciled. In contrast, one who is admitted into the United States on a temporary, non-immigrant visa . . . is an alien for purposes of citizenship."); *Valladares v. Arceius-Jones*, 2013 WL 6504655, *2 (E.D.N.Y. 2013) ("Plaintiff does not have lawful permanent resident status . . . . Therefore, notwithstanding plaintiff's 16-year residence in the United States, . . . he is considered a citizen of a foreign state suing a U.S. resident for purposes of diversity jurisdiction."). Accordingly, courts have concluded that an alien (such as Gorrie) who lacks LPR status and is present in the United States on a non-immigrant visa is only considered a citizen of a foreign state, regardless of her desire and intent to reside indefinitely in a particular State. *See, e.g., Fungyin v. Yukos Oil Co.*, 2005 WL 1840147, *2 (S.D. Tex. 2005) (even though the plaintiff had been in Texas for approximately seven years, held a graduate degree from Texas, worked for an oil company in Texas, possessed property and bank accounts in Texas, and paid taxes in Texas, the plaintiff's "declaration concerning his current H1-B immigration status . . . proves he is not a United States citizen who could be domiciled in Texas"); *Abbott v. Good Shepherd Med. Ctr.*, 2004 WL 2847903, *4 (D. Or. 2004) ("[P]laintiff's possession of a B1/B2 visa precludes him from having the legal capacity to establish a U.S. domicile."). Courts have applied this principle in cases involving the exact type of visa that Gorrie possesses. *Kato v. County of Westchester*, 927 F. Supp. 714, 716 (E.D.N.Y. 1996) ("As a Japanese citizen present in the United States on an E-2 visa, Isao Kato is not admitted for permanent residence in the United States. Therefore, he is treated as an alien for diversity purposes.").

---

[2] The Court also concludes that the remaining Defendants in this action (IGD, NFOF, and NFF) share the citizenship of Gorrie. Although the removal notice is facially deficient because it fails to affirmatively set forth the facts necessary to determine the citizenship of IGD, NFOF, and NF, those deficiencies have since been cured by Defendant's response.

For these reasons, Gorrie's effort to remove this action from Arizona state court did not violate the "forum defendant rule" set forth at 28 U.S.C. § 1441(b)(2), which provides that a civil action otherwise removable based upon diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because Gorrie and the remaining Defendants are not citizens of Arizona, § 1441(b)(2) is not implicated.

Plaintiffs' final objection to the removal effort is that it was premature because Gorrie had not yet been served when she filed her removal notice. This argument lacks merit. Under 28 U.S.C. § 1446, which is entitled "Procedure for removal of civil actions," the general rule is that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1) (emphasis added). The italicized language strongly suggests that a defendant may become aware of a complaint through means other than formal service and then seek removal within 30 days of obtaining such notice. Any contrary interpretation would render the phrase "or otherwise" superfluous. *Cf. Awa v. Guam Mem'l Hosp. Auth.*, 726 F.2d 594, 597 (9th Cir. 1984) ("This court has held that statutes should not be construed to make mere surplusage of any statutory provision."); *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 928 (9th Cir. 2004) ("[I]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (citations and internal quotation marks omitted).

The cases cited by Plaintiffs are not to the contrary. In those cases, the question wasn't whether the removal attempt was categorically invalid under § 1446 because it came too soon. Rather, the issue was whether the removing defendant could avoid application of § 1441(b)(2)'s forum-defendant rule—which, as noted, bars removal "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought"—by removing before any of the forum defendants had been served.

In the cases cited by Plaintiffs, courts recognized that such an interpretation of § 1441(b)(2) would "allow a loophole" and "lead to an absurd result." *DHLNH, LLC v. Int'l B'hood of Teamsters, Local 251*, 319 F. Supp. 3d 604, 606 (D.R.I. 2018). *Accord Phillips Constr., LLC v. Daniels L. Firm, PLLC*, 93 F. Supp. 3d 544, 556 (S.D.W. Va. 2015) ("[I]n cases involving only resident defendants, the forum-defendant rule bars resident defendants from removing an action pursuant to diversity jurisdiction before effectuation of service."); *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1244 (E.D. Mo. 2012) ("The rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served. . . . Removal under such circumstances frustrates the policy underlying the forum defendant rule."); *Ethington v. General Electric Co.*, 575 F. Supp. 2d 855, 858-59 (N.D. Ohio 2008) ("The ultimate question here . . . is whether the 'properly joined and served' language constitutes a loophole through which the GE Defendants can avoid the prohibition on forum defendants removing a case."). But that is not the situation here—as discussed above, none of the Defendants are Arizona citizens and § 1441(b)(2) isn't implicated by Gorrie's removal effort.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 11) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to stay (Doc. 20) is **denied** as moot.

Dated this 15th day of April, 2022.

Dominic W. Lanza
United States District Judge