**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D Stadtler Trust 2015 Trust, et al., | No. CV-22-00314-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Pamela Gorrie, et al., | |
| Defendants. | |

On February 11, 2022, Plaintiffs (Daniel Stadler and the D. Stadler Trust 2015) filed a complaint in La Paz County Superior Court against Defendants (Pamela Gorrie and three entities). (Doc. 1-2 at 10-27.) About two weeks later, on February 27, 2022, Gorrie filed a notice of removal. (Doc. 1.)

Much has occurred in the three months since this case was removed. Initially, Plaintiffs moved to remand the action to state court. (Doc. 11.) As the motion-to-remand briefing process was unfolding, Defendants filed a motion to dismiss the complaint. (Doc. 17.) Soon afterward, the Court issued an order denying the motion to remand. (Doc. 21.) Meanwhile, as the motion-to-dismiss briefing process was unfolding, Plaintiffs filed a First Amended Complaint ("FAC") as a matter of course. (Doc. 25.) Nevertheless, Defendants continued briefing their motion to dismiss the now-superseded original complaint after the FAC was filed. (Doc. 28.) Finally, on May 27, 2022, Defendants filed an answer to the FAC and counterclaims against Plaintiffs. (Doc. 38.) At the same time, Defendants filed a motion for a temporary restraining order ("TRO"). (Doc. 39.) Specifically, Defendants

seek a TRO "enjoining the D. Stadler 2015 Trust . . . from conducting a trustee's sale of the property located at 68562 56th Street, Salome, AZ 85348 . . . on June 9th 2022 at 10 am." (*Id.* at 1.)

As for Defendants' pending motion to dismiss (Doc. 17), "[i]t is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (cleaned up). Thus, "[b]ecause the Defendants' motion to dismiss targeted the [original complaint], which was no longer in effect, . . . the motion to dismiss should [be] deemed moot." *Id.*

Upon the filing of Plaintiffs' FAC, Defendants could have renewed their dismissal arguments by filing a timely Rule 12(b)(6) motion to dismiss Plaintiffs' new pleading. Defendants did not do so. Instead, Defendants filed an answer to the FAC. (Doc. 38.) Although the introductory paragraph of the answer suggests that Defendants believe their previously-raised dismissal arguments remain pending, this belief is mistaken. As noted, Defendants' motion to dismiss the complaint became moot when Plaintiffs filed the FAC.

Furthermore, it would not make sense to allow Defendants to simultaneously answer the FAC and seek dismissal of the FAC under Rule 12(b)(6). Under Rule 12(b), "[a] motion asserting any of these [Rule 12(b)] defenses must be made before pleading if a responsive pleading is allowed." Thus, "[m]ost courts will not permit a defendant to simultaneously file a Rule 12(b) motion and answer." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 12, at 309 (2022). Instead, courts may "disregard the motion, accept the answer, and instruct the defendant to pursue its preserved defenses through appropriate post-answer vehicles, such as a Rule 12(c) or Rule 56 motion." *Id. See also BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, 848 F.Supp.2d 818, 822-23 (S.D. Ohio 2012) ("Rule 12(b) permits only *sequential*, not *concurrent*, filing of a motion to dismiss and an answer. Carlisle has filed both a motion to dismiss and an answer in one document, asking this Court to recognize the answer only if such a pleading proves

necessary should the Court deny the motion to dismiss component of the document. This *if-then* suggestion does not nullify the fact that Carlisle pled and moved to dismiss at the same time. Some courts have permitted such combined filing. This Court aligns itself with those other courts that avoid such unguided acceptance of technical deviations by strictly honoring the language and structure of the Civil Rules. This strict approach presents no substantive prejudice here because Carlisle can simply make its arguments post-answer through another mechanism that complies with the Civil Rules.") (citations omitted). Accordingly, to the extent Defendants wish to continue pursuing some or all of the dismissal arguments they previously raised, they may file a Rule 12(c) motion for judgment on the pleadings with respect to the FAC.[1]

Finally, as for TRO request, it appears the June 9, 2022 trustee's sale that Defendants wish to enjoin has long been known to the parties—the original complaint (which, again, was filed in early February 2022) referred to Plaintiffs' desire to hold a trustee's sale (*see, e.g.,* Doc. 1-2 at 11 ¶ 76) and Defendants' answer to the FAC acknowledges that "the Trust began the process of a trustee sale" on March 2, 2022 (Doc. 38 at 16 ¶ 68). It is therefore unclear to the Court why Defendants waited so long before taking steps to seek emergency relief. At any rate, given the imminence of the event that Defendants wish to enjoin, the Court will set a telephonic status conference to discuss a briefing and hearing schedule.

…

…

…

…

…

…

---

[1] Although it might be possible to treat Defendants' Rule 12(b)(6) motion to dismiss the complaint as a Rule 12(c) motion for judgment on the pleading as to the FAC, *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980), the better solution is to require Defendants to file a new Rule 12(c) motion. Defendants will suffer no substantive prejudice from this approach, which will promote clarity and reflect proper application of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that:

1. Defendants' motion to dismiss the complaint (Doc. 17) is **denied as moot**.

2. Defendants may, but are not required to, file a Rule 12(c) motion for judgment on the pleadings as to the FAC.

3. With respect to Defendants' TRO request (Doc. 39), a telephonic status hearing is set for **June 1, 2022 at 11:00 a.m**. Counsel are directed to call (866) 390-1828; Access: code: 9667260 five minutes prior to the scheduled hearing. Counsel are advised that speaker phones, head sets and connections through the internet are **not** permitted.

Dated this 31st day of May, 2022.

_____
Dominic W. Lanza
United States District Judge