**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D Stadtler Trust 2015 Trust, et al., | No. CV-22-00314-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Pamela Gorrie, et al., | |
| Defendants. | |

Pending before the Court is the Gorrie Parties' motion to issue a modified version of the Court's standard protective order. (Doc. 199.) For the following reasons, the motion is granted in part and denied in part.

**RELEVANT BACKGROUND**

The background of this case is summarized in prior orders (*see, e.g.*, Doc. 203), so a full recap is unnecessary here. Suffice it to say that the case has had no shortage of dueling accusations of misconduct directed against the other side's counsel. Time and again, the Court has exhorted the parties to find a way to work more productively with each other. Time and again, those requests have gone unfulfilled.

Turning to the matter at hand, the Court's preliminary order states:

> The Court's standard protective order is available on the Judges' Orders, Forms & Procedures page on the Court's internet site. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the Court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the Court's review. In that case, all language added to the standard order by the parties should be redlined into a Word document using "tracked changes," and the parties'

Word document with the tracked changes must be emailed to chambers.

(Doc. 41 at 4-5.)

In the pending motion, the Gorrie Parties ask the Court to issue a modified version of its standard protective order. (Doc. 199.) More specifically, the Gorrie Parties seek to expand the definition of the terms "Confidential" and "Confidential—For Counsel Only" so that they cover not only traditional categories of protected information, like sensitive business information and trade secrets, but also information which, if disclosed, could be harmful to a party's personal safety or other unspecified "interests" or expose a party to additional litigation. (Doc. 199-2 at 4.) The Gorrie Parties' proposed changes to the Court's standard protective order are indicated in bold font below:

> Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and/or transcripts of trial testimony and depositions that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."
>
> (a) Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the **interests, personal safety**, business or **business** operations of such party.
>
> (b) Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most sensitive by the party, including but not limited to **information which could have substantial detrimental effects on the personal safety of any party, could result in legal action, or could constitute** trade secret or other confidential data related to research, development, finances, or customers.

(*Id.*) According to the Gorrie Parties, these changes are necessary because "[d]uring the pendency of this litigation it has become abundantly clear to Gorrie that Plaintiffs will insert sensitive personal information into publically [sic] available documents for the sole purpose of either simply embarrassing Gorrie or otherwise attempting to imperil her personal safety or attempting to cause her legal jeopardy." (Doc. 199 at 3.) Finally, the Gorrie Parties also seek to add a clause providing that "[n]otwithstanding the foregoing,

parties shall be entitled to withhold requested discovery until the entry of this Order and shall produce documents response to any discovery request pursuant to this Order within 21 days from the Entry of this Order." (Doc. 199-2 at 13.) In support of their request, the Gorrie Parties submit a declaration from Ms. Gorrie. (Doc. 199-3.) It asserts that "[m]any of the documents and other information being sought by [the Stadtler Parties] in this matter fall under provisions of the numerous and varied Non-Disclosure Agreements (NDA's) that were executed between [Ms. Gorrie], [her] companies and others," that "[d]isclosure of documents that were produced pursuant to NDA's could result in the applicable company being sued," and that "[t]he discovery being sought seeks substantial trade secret and confidential commercial information." (*Id.* ¶¶ 3-5.)

The Stadtler Parties oppose the Gorrie Parties' motion. (Doc. 205.) The Stadtler Parties ask the Court to "deny [the Gorrie Parties'] motion for a protective order and order [them] to meaningfully respond to the [the Stadtler Parties'] discovery requests" or, "[i]n the alternative," to enter the Court's standard protective order. (*Id.* at 14.) The Stadtler Parties indicate that in October 2022, they proposed to the Gorrie Parties their own modifications to the Court's standard protective order, which—similar to the modifications the Gorrie Parties propose here—would have altered the definition of "Confidential Information" without identifying particular documents. (*Id.* at 10; Doc. 205-6.) Nevertheless, the Stadtler Parties now maintain that such identification is necessary:

> [The Gorrie Parties'] motion is improper because it does not identify any particular document it seeks to protect as required; rather [the Gorrie Parties] want a blanket protective order that allows them to later decide what they deem needs protection. Further, the motion does not demonstrate what specific prejudice or harm will result if no protective order is granted. [The Gorrie Parties] simply state (1) 'the documents requested are subjected to 'various' NDAs' . . . and (2) 'the discovery being sought seeks substantial trade secret and confidential commercial information.' Which documents? What information?

(*Id.* at 12-13, citations and internal quotation marks omitted.) The Stadtler Parties also dispute the accusations of misconduct contained in the Gorrie Parties' motion and argue that it is the Gorrie Parties' counsel who has made false statements and engaged in misconduct. (*Id.* at 4.)

In reply, the Gorrie Parties argue that "[t]he need for a robust protective order is amply demonstrated by [the Stadtler Parties'] Response," because the Stadtler Parties "engage[d] in a lengthy diatribe about [the Gorrie Parties'] counsel (again)" but never "really engage[d] with [the Gorrie Parties'] position regarding the slight enlargement of the Court's standard Order. (Doc. 210 at 2.)  The Gorrie Parties also contend that the Stadtler Parties' "factual recitation contains numerous factual flaws and omissions" and "ignores the Court's admonition at the March 6, 2023 hearing that the parties should focus upon the legal arguments rather than continue to engage in personal attacks." (*Id.*)

## ANALYSIS

It is unfortunate, although perhaps not surprising given the history of this case, that something as simple as a stipulation to the Court's standard protective order could generate dozens of pages of briefing filled with highly charged accusations and counteraccusations of misconduct.  The Court will say it again—this has to stop.

On the merits, this is a simple procedural matter that falls within the Court's discretion in case management.  Significantly, the Gorrie Parties are not seeking a protective order that would excuse them from disclosing certain documents (or categories of documents) to their adversaries in this litigation.  Instead, they are simply attempting to include designations of "Confidential" or "Confidential—For Counsel Only" on certain documents they disclose and to broaden the universe of documents that could include those designations if the Court's standard protective order were to issue.  The Stadtler Parties would retain the right to challenge any of the Gorrie Parties' designations. (Doc. 199-2 at 9 ["At any stage of these proceedings, any party may object to a designation of confidentiality."].)

The existence of such a designation does not preclude a document from winding up in the public docket.  Instead, the designation simply creates additional procedural steps the parties must follow when handling documents that have been so designated or citing such documents in court filings. (*See generally* Doc. 41 at 5 [Court's preliminary order: "The parties are reminded that the mere fact the parties have designated certain materials

or information as confidential pursuant to an agreement or stipulation does not mean the Court will automatically order that filings containing such information be placed under seal. . . . In all cases, the parties shall adhere to the federal and local rules, including LRCiv 5.6, which details the local rules for sealing court records."].)  Indeed, the public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted).  The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted).  "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).  The Court rigorously applies this standard, and the existence of a protective order—whether it is the Court's standard protective order or a modified one—has no bearing on that analysis.  *Canady v. Bridgecrest Acceptance Corp.*, 2022 WL 4099086, *1 (D. Ariz. 2022) ("Plaintiff gives no reasons to justify sealing, other than the assertion that the documents at issue were designated as confidential.  This is insufficient.  The mere fact a party has designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met.").

It follows that the cases cited by the Stadtler Parties are not on point.  The protective order being sought here simply provides a procedure that could tee up a later dispute regarding sealing, but it does not, itself, insulate any material from the public for longer than is necessary to resolve disputes regarding confidentiality.  Accordingly, there is no need, at this juncture, to balance public and private interests.

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and it lists an array of actions the Court may take "for good cause," including, *inter alia*, forbidding the disclosure or discovery of certain materials, limiting the scope of discovery, or sealing materials. The protective order at issue here (both the Court's standard protective order and the Gorrie Parties' proposed modified version of the Court's standard order) does not protect material from discovery,[1] nor does it protect material from ultimately being filed on the public docket. Accordingly, the Stadtler Parties' contention that the Gorrie Parties' "motion is improper because it does not identify any particular document it seeks to protect" (Doc. 205 at 12) is unavailing. When, as here, a party seeks a protective order that simply "allows the parties to designate materials for protection, such as by marking them 'confidential'":

> The court obviously does not need to find good cause specific to all of the individual documents that would be covered by the order. Rather, the court makes a threshold determination that the blanket order would generally serve the interests underlying discovery protective orders. The provisional protection provided by the blanket protective order can be challenged later as to any particular piece of information, at which time the court must determine whether there is good cause to continue the protection as to that item. When protection provided by a blanket order is challenged, the party seeking to continue the protection bears the burden of showing good cause for continuing it.

1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 26, at 886-87 (2022). *See generally Van v. Wal-Mart Stores, Inc.*, 2011 WL 62499, *2 (N.D. Cal. 2011) ("[B]lanket protective orders routinely are approved by courts in civil cases. The very first rule set out in the Federal Rules of Civil Procedure mandates that courts construe and administer the rules of civil procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Blanket protective orders serve the interests of a 'just, speedy, and inexpensive' determination of cases by avoiding the undue cost and delay that would ensue if courts had to make a good cause determination on a

---

[1] The Court has a separate procedure for dealing with discovery disputes. (Doc. 69 at 4-5.)

document-by-document basis for all documents exchanged in discovery that a party wished to protect. As the Ninth Circuit has implicitly acknowledged, the use of blanket protective orders conserves judicial resources—and taxpayer money—by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential.") (citations omitted).

"[B]lanket protective orders are usually based on a joint request of the parties—and courts generally expect such cooperation among litigants . . . ." *Van*, 2011 WL 62499 at \*2. Nevertheless, courts may approve opposed blanket protective orders where there is good cause to issue them. *Id.* The Court can find good cause without the sort of specific, document-by-document showing that the Stadtler Parties demand. Instead, the Court simply must determine that there is good cause to believe that a party or person is at risk of suffering "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The Gorrie Parties seek leave to designate as "Confidential" and "Confidential— For Counsel Only" information that includes sensitive business information and trade secrets (which is already included in the Court's standard protective order), as well as information that, if disclosed, could harm a party's personal safety or could expose a party to additional litigation (because, for example, the information is subject to a non-disclosure agreement). The Court has no trouble accepting that an order keeping such information confidential could protect Gorrie from "annoyance, embarrassment, oppression, or undue burden or expense," as require Rule 26(c) requires. "The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). "[C]ourts have consistently granted protective orders that prevent disclosure of many types of information . . . ." *Id.* "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*,

467 U.S. 20, 36 (1984). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

Thus, the request to issue the Court's standard protective order with modifications to the definitions of "Confidential" and "Confidential—For Counsel Only" is granted. However, the Gorrie Parties have not established good cause with respect to one aspect of their request to modify the definition of "Confidential." They seek to add the word "interests," such that a party could designate a document as "Confidential" if the party concluded in good faith that "the unrestricted disclosure of such information could be harmful to the interests . . . of such party." (Doc. 199-2 at 4.) The problem is that the term "interests" is so broad and vague as to be practically devoid of meaning—it might allow parties to designate materials as confidential that fall outside the parameters of Rule 26(c).

Finally, the Court rejects the Gorrie Parties' final proposed modification, which purports to authorize the parties to "withhold requested discovery until the entry of this Order and shall produce documents response to any discovery request pursuant to this Order within 21 days from the Entry of this Order." (Doc. 199-2 at 13.) This provision could be construed as retroactively authorizing efforts to withhold discovery that occurred much earlier in this case. *See generally* 1 Gensler, *supra*, Rule 26 at 885-86 ("Parties or persons who intend to seek a protective order should do so before the time for responding to the discovery in question arrives. Indeed, a party who completely fails to respond to discovery may be sanctioned despite the objectionability of the request if the party has not sought a protective order."). The Court does not mean to imply that the proposal to include this modification was improper—the point is simply that the parties have not provided any developed briefing on this point and the Court does not wish to unwittingly reach the merits of any lingering (but as yet unpresented) disputes.[2]

---

[2] In a related vein, the Court notes that, under the scheduling order, the deadline for completing fact discovery, which was January 5, 2023, is now expired. (Doc. 69.) As recently discussed in a different order, although "the discovery process in this case took several unexpected turns following the issuance of the scheduling order . . . nobody has (at

Accordingly,

**IT IS ORDERED** that the Gorrie Parties' motion to issue a modified version of the Court's standard protective order (Doc. 199) is granted in part and denied in part.  In a separate docket entry, the Court will issue the protective order.

Dated this 30th day of March, 2023.

Dominic W. Lanza
United States District Judge

---

least to date) sought any modification of the deadlines in the scheduling order based on those developments." (Doc. 203 at 31 n.22.)