**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D Stadtler Trust 2015 Trust, et al., | No. CV-22-00314-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Pamela Gorrie, et al., | |
| Defendants. | |

Pending before are a number of discovery-related motions. In one of those motions, the Stadtler Parties and Houchin ask the Court to modify the scheduling order to extend the deadlines for completing fact and expert discovery and filing dispositive motions. (Doc. 217.) The Stadler Parties and Houchin argue that good cause exists to extend these deadlines because, after the Court issued the scheduling order in July 2022, there were a number of unexpected developments that interfered with the progression of the case, including one party's bankruptcy filing (and resulting automatic stay), the addition of Houchin as a third-party defendant, a motion to disqualify the Gorrie Parties' counsel, and a dispute over the contours of the protective order, which was only resolved recently (and which delayed the production of otherwise discoverable material). (*Id.* at 2. *See also* Doc. 222.)

The Gorrie Parties oppose this modification request and have filed their own competing request. (Docs. 218, 223.) According to the Gorrie Parties, the Court should only extend the dispositive motion deadline as it applies to them, but not as it applies to the

Stadtler Parties or Houchin, and extend the deadlines for engaging in good-faith settlement talks and filing a notice of trial readiness. (*Id.*) The Gorrie Parties oppose any extension of the discovery deadlines or of their adversaries' dispositive motion deadline because such extensions would "simply delay this matter more than it has already been delayed. [The Gorrie Parties] would continue to be prejudiced by the highly inflammatory and false allegations of fraud remaining unadjudicated in the public domain. And [the Gorrie Parties] would be prejudiced because they would have to incur additional fees and costs." (Doc. 218 at 6.) Finally, the Gorrie Parties argue that the developments referenced in the competing motion do not constitute good cause for the requested extensions because the Stadtler Parties and Houchin could have, with diligence, completed discovery despite those developments. (*Id.* at 6-7.)

The Stadtler Parties' and Houchin's modification request is granted. As noted in earlier orders in this case, a request to modify the discovery and other deadlines set forth in a scheduling order is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a scheduling order "may be modified only for good cause and with the judge's consent." *Id.* "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, the Court is satisfied that the Stadtler Parties and Houchin acted diligently in attempting to complete discovery by the January 5, 2023 deadline set forth in the original scheduling order (Doc. 69) but were unable to do so due to the series of unusual developments described in their motion papers. As the Stadtler Parties and Houchin put it: "[The Gorrie Parties] do not even agree that Stadtler and Houchin should be allowed to file dispositive motions at all, despite Houchin answering less than one months ago . . . and [the Gorrie Parties] not beginning to disclose financial and business records until seven months after they were requested. This makes no sense." (Doc. 222 at 8.) The Court is

also unpersuaded by the Gorrie Parties' arguments about why the fairly modest extensions being sought here would be unfairly prejudicial to them. (Docs. 218, 223.)

Given this outcome, the Gorrie Parties' competing modification request is denied in part, to the extent it seeks a different dispositive motion deadline that applies only to them. However, to the extent the Gorrie Parties' motion seeks an extension of the deadline for engaging in good-faith settlement talks, it is granted.

The final motion being addressed here is the Gorrie Parties' motion to quash. (Docs. 207, 214, 216.) It pertains to a pair of subpoenas that the Stadtler Parties issued to Wells Fargo and PNC Bank in an effort to obtain the Gorrie Parties' banking records.

The motion to quash is denied. The substantive objections fail for the same reasons the Court previously rejected the Gorrie Parties' attempt to block a subpoena to U.S. Bank for other banking records. (Doc. 172.) Additionally, a protective order is now in place. The timeliness objections lack merit now that the Court has extended the discovery deadline.

Accordingly,

**IT IS ORDERED** that:

1. The Stadtler Parties' and Houchin's motion to amend the case management order (Doc. 217) is **granted**.

2. The Gorrie Parties' motion to amend the case management order (Doc. 218) is **granted in part and denied in part**.

3. The Gorrie Parties' motion to quash (Doc. 207) is **denied**.

…

…

…

…

…

…

…

4. The new deadlines are as follows. The new deadline for completion of fact discovery, including discovery by subpoena and all disclosure required under Rule 26(a)(3), is **July 15, 2023**. As for expert disclosures, the new deadlines are **May 22, 2023** (party with the burden of proof on an issue), **July 10, 2023** (responding party), **September 1, 2023** (rebuttal), and **September 15, 2023** (expert depositions). The new deadline for dispositive motions is **October 2, 2023**. The new deadline for engaging in good-faith settlement talks is **June 1, 2023**.

Dated this 28th day of April, 2023.

Dominic W. Lanza
United States District Judge