**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D Stadtler Trust 2015 Trust, et al., | No. CV-22-00314-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Pamela Gorrie, et al., | |
| Defendants. | |

On September 27, 2023, the Gorrie Parties filed an application for entry of default against Stadtler, asserting that after the Court granted in part and denied in part Stadtler's motion to dismiss the Gorrie Parties' counterclaims, Stadtler failed to file an answer to the remaining counterclaims. (Doc. 241.)

On September 28, 2023, Stadtler filed a "motion to set aside default" that explains why Stadtler believed no answer was required and discusses and attaches correspondence between the parties from April 2023. (Doc. 243.) Nevertheless, Stadtler attaches to his motion an answer (Doc. 243-2) and moves for leave to file it.

Under Rule 55(a), default may be entered against a party that "has failed to plead *or otherwise defend*." Here, Stadtler has "otherwise defend[ed]" against the Gorrie Parties' counterclaims in a variety of ways, including by moving to dismiss those counterclaims, opposing the Gorrie Parties' requests for a TRO based on those counterclaims, and participating in the discovery process (while also pursuing affirmative claims against the Gorrie Parties). Default is not warranted in this circumstance. *Rashidi v. Albright*, 818 F.

Supp. 1354, 1355-56 ("Failure to 'otherwise defend' presumes the absence of some affirmative action on the part of a defendant which would operate as bar to the satisfaction of the moving party's claim.  In this context, it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading.  It is undisputed that a motion challenging a complaint for failure to state a claim upon which relief can be granted falls squarely within the ambit of the phrase 'otherwise defend.'  Other attacks on particulars have served to prevent default as well.") (citations omitted).

Accordingly,

**IT IS ORDERED** that the Gorrie Parties' application for entry of default against Stadtler (Doc. 241) is **denied**.

**IT IS FURTHER ORDERED** that Stadtler's "motion to set aside default" (Doc. 243) is **denied as moot**, as no default has entered.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Stadtler's answer to the first amended counterclaim (Doc. 243-2) as a standalone docket entry.

Dated this 29th day of September, 2023.

Dominic W. Lanza
United States District Judge